**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

```
FILED
JAMES J. WALDRON, CLERK
April 21, 2010
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: /s/Diana Reaves, Deputy
```

|  |  |
|---|---|
| IN RE: | CHAPTER 7 |
| Harry Kleinmann, | CASE NO.: 05-55211 (NLW) |
| Debtor. | |
| Steven P. Kartzman, as Trustee | |
| Plaintiff, | Adversary No.: 07-1861 |
| v. | **OPINION** |
| Harry Kleinmann, | |
| Defendant. | |

**Before:**    **HON. NOVALYN L. WINFIELD**

**A P P E A R A N C E S :**

Adam G Brief, Esq.
Mellinger Sanders & Kartzman LLC
101 Gibraltar Drive
Suite 2F
Morris Plains, NJ 07950
Attorneys for Plaintiff/Trustee

Harry Kleinman
3210 Arlington Avenue
Apt. 5K
Bronx, NY 10463-3338
Defendant Pro Se

This matter comes before the court on the Trustee's motion for approval of a global settlement of two related adversary proceedings. Because the terms of the settlement seemed to provide for a partial waiver of discharge by the debtor, the court required additional briefing on whether a partial waiver complies with Bankruptcy Code § 727(a)(10). After consideration of the settlement terms, § 727(a)(10) and applicable case authority, the court finds that the Trustee's motion to approve the settlement must be denied.

## JURISDICTION

The Court has jurisdiction to review and determine this matter pursuant to 28 U.S.C. §§ 1334 and 157(a), and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H) and (J). The following constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure § 7052.

## STATEMENT OF FACTS

Harry Kleinmann ("Debtor") filed his Chapter 7 case on October 14, 2005. Thereafter, the United States Trustee appointed Steven P. Kartzman ("Trustee") as the case trustee, and he has continued to fulfill that role since his appointment.

In furtherance of his duties under § 704, the Trustee commenced two adversary proceedings. In the first adversary proceeding (the "Section 727 Proceeding") the Trustee objected to the debtor's discharge under § 727(a)(2)(A), (a)(2)(b), (a)(4)(A) and (a)(4)(D). The second adversary proceeding (the "Family Trust Proceeding") was commenced against certain members of the Kleinmann family and the Kleinmann Family Trust. In the Family Trust Proceeding the Trustee sought a declaratory

judgment that the Kleinmann Family Trust constitutes bankruptcy estate property, as well as turnover of the corpus of the trust. Trial was commenced in May 2009 and thereafter continued from time to time as the parties in both adversary proceedings discussed settlement. Ultimately, the parties reached an agreement which is embodied in the Stipulation Settling Adversary Proceedings ("Stipulation") that is an exhibit to the Trustee's motion for approval of the settlement.

With regard to the Family Trust Proceeding, the stipulation provided for liquidation of the Kleinmann Family Trust, and turnover of the proceeds to the Trustee. All tax consequences of the liquidation are to be borne by the Debtor who has agreed to indemnify the Trustee. Following turnover, the Trustee agrees to dismiss with prejudice, the Family Trust Proceeding, and defendant Matthew Kleinmann agrees to withdraw with prejudice, his counterclaim for reclamation. Moreover, under the settlement, neither the Kleinmann Family Trust nor Matthew Kleinmann are entitled to an allowed claim in the Debtor's case.

As to the Section 727 Proceeding the Stipulation provided as follows:

> The Debtor shall be denied a discharge under Bankruptcy Code Sections 727(a)(2)(A) and (a)(2)(B) as to Claims 2,3,4,5,7,10,12-18 and 20. However, to the extent these claimants receive a distribution from the estate, the amount of said claims shall be reduced so that the Debtor's sole obligation is the portion of said claims that remain unpaid following distribution by the Trustee. The Debtor shall be granted a discharge under Section 727 as to Claims 1, 6, 8, 9, 11 and 19, and as to any creditors scheduled by the Debtor that failed to file a proof of claim in this proceeding by June 1, 2009. The grant or denial of discharge shall not be effected by the timeliness of the claims filed with the Clerk prior to June 1, 2009.

## DISCUSSION

The Trustee argues that the proposed settlement is fair and reasonable under *In re RFE Industries, Inc.*, 283 F.3d 159, 165 (3d Cir. 2002) and *In re Martin*, 91 F. 3d 289, 393 (3d Cir. 1996).

Further the Trustee submits that under § 727(a)(10) the court may approve a partial waiver of the Debtor's discharge. The court agrees that the essential terms of the Stipulation are reasonable and would grant the Trustee's motion, but for its conclusion that § 727(a)(10) does not provide for a partial waiver of discharge.

Section 727(a)(10) provides that the court shall grant the debtor a discharge unless "the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter." *11 U.S.C. § 727 (a)(10)*.

The Trustee principally relies on *Lichtenstein v. Barbanel*, 161 Fed. Appx. 461 (6th Cir. 2005) for his contention that § 727(a)(10) permits waiver of the discharge as to some, but not all of the debts asserted. In *Lichtenstein*, the Sixth Circuit affirmed the bankruptcy court's holding that a court-approved stipulation of nondischargeability executed by the debtor during a prior bankruptcy case was a valid waiver under § 727(a)(10) of the debts arising from a state court divorce proceeding. *161 Fed. Appx. at 165*. The Sixth Circuit reasoned in part that:

> Section 727(a)(10) contains no textual limitation on partial waivers of dischargeability, nor is there any textual indication that such a limitation is intended. To add to or amend the plain language of that Section would violate one of the core principles of statutory construction. (citation omitted).

*Id.* The court in *In re Mapother*, 53 B.R. 433, 436 (Bankr. W.D. Ky. 1985) also concluded that a partial waiver of discharge can be granted under § 727(a)(10). Like *Lichtenstein*, the decision addressed a postpetition agreement in which the parties had agreed that a specific debt would be excepted from discharge, although no adversary proceeding under § 523 had been filed. Unlike *Lichtenstein*, the court in *Mapother* does not describe its thinking regarding the applicability of § 727(a)(10). Rather, without analysis, it simply finds that the terms of a Stipulation of Nondischargeability met the requirements for a waiver of discharge under § 727(a)(10).

4

While this court does not disagree with the result reached by both courts, it does disagree that § 727(a)(10) provides the proper means to the end. The court in *Lichtenstein* rightly began its inquiry by looking to the statutory language. It is well accepted that when construing the Bankruptcy Code the court must begin with the premise that Congress "says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). Further, when "the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enters. Inc.*, 489 U.S. 235, 241 (1989)(quoting *Caminetti v. United States*, 242 U.S. 470 (1917). Equally, in *Kelly v. Robinson*, 479 U.S. 36, 43 (1986) the Supreme Court states that "we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law and its object and policy."

After consideration of the foregoing canons of statutory construction as explicated by the United States Supreme Court, this court concludes that the most commonsense and natural reading of § 727(a)(10) is that it applies solely to a waiver of the discharge of all debts. First, the waiver provision is found in § 727 which deals solely with the discharge of all debt. Notably, all of the other subsections of 727(a) set forth circumstances in which a debtor will not be discharged of all debt. One cannot reasonably read into any of these other subsections the existence of partial discharge. Thus, it is anomalous and inconsistent to read a partial waiver of discharge into the statute.

Second, the grammatical structure of § 727(a)(10) is most sensibly read as providing solely for a waiver of the discharge of all debt. The statute begins with the phrase "the court shall not grant the debtor a discharge, ..." (emphasis supplied). While discharge is not defined in the Bankruptcy Code, both under it and its predecessor, the Bankruptcy Act, it has long been understood as referring to the discharge of all debt. After all, it is the discharge that permits the fresh start sought by those

5

who file for bankruptcy relief. Subsection 727(a)(10) then continues "unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter." Plainly the term "discharge" in this second phrase most logically refers to the discharge as defined in the first phrase. The conclusion in *Lichtenstein* that partial waivers of discharge are permitted because the statute does not explicitly exclude them is at variance with the grammatical structure of § 727(a)(10). This subsection of § 727 does not address partial waiver of discharge because the sole subject of § 727 is the discharge (or nondischarge) of all debt.

Moreover, viewing the Bankruptcy Code as a whole, it is readily apparent that the drafters provided other means for excepting specific debts from the discharge provided by § 727. Section 523 provides that a discharge under § 727 does not discharge a debtor from debts enumerated in that section. Additionally, § 524 provides the means for a debtor to reaffirm debts, for which the debtor wishes to continue payment. Thus, consideration of the structure of the Bankruptcy Code also yields the conclusion that § 727(a)(10) is a waiver of any discharge at all and does not provide a basis for partial waiver.

Finally, the available legislative history indicates that Congress did not intend the waiver provision in 727 to permit partial waiver. The House Report addressing § 524(c) stated:

> The language "whether or not discharge of such debt is waived" is intended to prevent waiver of discharge of a particular debt from defeating the purpose of this section. It is directed at waiver of discharge of a particular debt, not waiver of discharge in toto permitted under section 727(a)(9).

*H.R. Rep. No. 95-595 (1977)*[1]

---

[1] Section 727(a)(9), as discussed in the House Report was later codified as Section 727(a)(10) of the 1978 Bankruptcy Reform Act. *124 Cong. Rec. H32383 (1978).*

6

## CONCLUSION

A proper reading of the language and structure of § 727(a)(10) does not permit a partial waiver of the discharge

Dated: April 21, 2010

*Novalyn L. Winfield*

NOVALYN L. WINFIELD
United States Bankruptcy Judge